**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-4683**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

SCOTTY DAVIS,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:18-cr-00024-1)

_____

Submitted: March 22, 2019                        Decided: April 3, 2019

_____

Before MOTZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Brian J. Kornbrath, Acting Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Emily J. Wasserman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scotty Davis appeals the 151-month sentence imposed following his guilty plea to possessing with intent to distribute 50 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2012), and possessing three firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, Davis challenges the procedural reasonableness of his sentence, arguing that the district court erred in not addressing his nonfrivolous policy argument regarding the disparate treatment in the Sentencing Guidelines of different purities of methamphetamine, resulting in a Guidelines range that overstated his culpability. We affirm.

When reviewing the procedural reasonableness of a sentence, we apply an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 51. The sentencing court's explanation "must place on the record an individualized assessment based on the particular facts of the case before it," one adequate to "demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (alterations and internal quotation marks omitted). "[A] perfunctory recitation of the defendant's arguments or the § 3553(a) factors without

application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted).

We conclude that, contrary to Davis' argument, the district court did not abuse its discretion in sentencing Davis to 151 months in prison. The court adequately addressed Davis' policy argument, declining to reject the public policy determinations underlying the Guidelines and explaining that consideration of the § 3553(a) sentencing factors led the court to conclude that the recommended Guidelines range did not overstate Davis' culpability.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*